IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| IVER SCHMIDT and SHARON A. SCHMIDT, | |
| Plaintiff, | |
| v. | No. 04-2630 DV |
| JEANETTE MARTIN d/b/a MARTIN CONSTRUCTION, ROY WAYNE MARTIN, JR., a/k/a WAYNE MARTIN, d/b/a MARTIN CONSTRUCTION, MONETTE MCCALL FINLEY, WHISPERING SPUR LOG HOMES, PAIGE MONETTE WRIGHT, DAVID EUDY, WINSTON CULLUM, BARBARA MCCALL, MCCALL TRUST, BARRY CRUTCHFIELD, MICKI FARRINGTON, AND JOHN DOE I, II, III, and IV | |
| Defendant. | |

## ORDER DENYING DEFENDANTS' MOTION TO STRIKE OR TO DISMISS OR FOR A MORE DEFINITE STATEMENT

Before the Court is the motion (dkt. # 12) of Jeanette Martin and Roy Wayne Martin, Jr. ("Defendant") to strike the complaint or to dismiss the complaint or, in the alternative, for a more definite statement. For the following reasons, the Court **DENIES** Defendants' motion and orders Defendants to answer the complaint within twenty days.

Defendants first argue that the Court should dismiss the complaint for failure to state a claim upon which relief can be granted. A party may bring a motion to dismiss for failure to state a claim under Rule 12(b)(6). This motion only tests whether the plaintiff has pleaded a cognizable claim. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Essentially, it allows

the court to dismiss meritless cases which would otherwise waste judicial resources and result in unnecessary discovery. See, e.g., Nietzke v. Williams, 490 U.S. 319, 326-27 (1989).

The Supreme Court has held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Nietzke, 490 U.S. at 326-27; Lewis v. ACB Bus. Serv., Inc., 135 F.3d 389, 405 (6th Cir. 1997). Thus, the standard to be applied when evaluating a motion to dismiss for failure to state a claim is very liberal in favor of the party opposing the motion. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). Even if the plaintiff's chances of success are remote or unlikely, a motion to dismiss should be denied.

To determine whether a motion to dismiss should be granted, the court must first examine the complaint. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The complaint must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47; Westlake, 537 F.2d at 858. The plaintiff, however, has an obligation to allege the essential material facts of the case. Scheid, 859 F.2d at 436-37. Moreover, legal conclusions or unwarranted factual inferences should not be accepted as true. Lewis,135 F.3d at 405-06.

Defendants contend that the complaint does not satisfy the requirements of Rule 8, and thus, should be stricken or dismissed. Iver and Sharon Schmidt ("Plaintiffs") have alleged that they were victims of Defendants' fraudulent scheme involving the sale and construction of log homes. The complaint pleads each claim with clarity and specificity and makes a clear demand for the relief being sought. Thus, Defendants' motion pursuant to Rule 12(b)(6) or Rule 8(a) is denied.

2

Defendants also that the complaint violates rule 8(e), which prohibits technical forms of pleading and requires that the complaint be concise. Fed.R.Civ.P. 8. The complaint is simple, concise, and direct and does not include any technical jargon. It is easily understood and does not in any way violate Rule 8(e) Therefore, Defendants' motion pursuant to Rule 8(e) is denied.

Defendants next assert that Plaintiffs have violated Rule 9(b) in stating their claim of fraud. Under Tennessee law, to establish a claim for fraud, the plaintiff must show:

> (1) an intentional misrepresentation with regard to a material fact, (2) knowledge of the representation['s] falsity--that the representation was made "knowingly" or "without belief in its truth," or "recklessly" without regard to its truth or falsity, (3) that the plaintiff reasonably relied on the misrepresentation and suffered damage, and (4) that the misrepresentation relates to an existing or past fact, or, if the claim is based on promissory fraud, then the misrepresentation must "embody a promise of future action without the present intention to carry out the promise."

Shahrdar v. Global Housing, Inc., 983 S.W.2d 230, 237 (Tenn. Ct. App.1998) (quoting Stacks v. Saunders, 812 S.W.2d 587, 592 (Tenn. Ct. App.1990)). Rule 9(b) of the Federal Rules of Civil Procedure requires a plaintiff to plead fraud with particularity. The particularity requirement has been interpreted to mean that a plaintiff must allege at a minimum "the time, place, and content of the alleged misrepresentation . . .; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." Coffey, 2 F.3d at 162. Moreover, "allegations of fraudulent misrepresentation must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made." Advocacy Org. for Patients and Providers v. Auto Club Ins. Assoc., 176 F.3d 315, 322 (6th Cir. 1999) (quoting Coffey, 2 F.3d at 162).

In ruling upon a motion to dismiss pursuant to Fed. R. Civ. P. 9(b), a court must consider the policy of simplicity in pleading embodied in Fed. R. Civ. P. 8. Michaels Bldg. Co. v. Ameritrust Co., N.A., 848 F.2d 674, 679 (6th Cir. 1988). Rule 8 requires the plaintiff to provide a "short and

plain statement of the claim" and "simple, concise, and direct" allegations. Fed. R. Civ. P. 8. The principal purpose for the Fed. R. Civ. P. 9(b) particularity requirement, when considered in context with Fed. R. Civ. P. 8, is to ensure that the defendant receives fair notice of the alleged misconduct or fraudulent acts of which the plaintiff complains in order to prepare a responsive pleading. Michaels Bldg. Co., 848 F.2d at 679.

The complaint asserts that these Defendants made numerous misrepresentations and false statements with the intent of fraudulently obtaining money from Plaintiffs. Plaintiffs relied on those statements to their detriment. Plaintiffs provided details about time, place, and content, as required under Rule 9(b). Thus, the Court finds that these allegations are sufficient to satisfy Fed. R. Civ. P. 9(b) in light of Fed. R. Civ. P. 8. Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's complaint based on Rule 9(b).

Defendants next argue that the complaint should be stricken or dismissed pursuant to Rule 12(e), which requires that a complaint not be vague or ambiguous, so that a party can reasonably be expected to respond. Fed.R.Civ.P. 12(e). First, as previously discussed, the complaint is clear and direct. It is neither ambiguous nor vague and offers definite statements to which Defendants can draft a responsive pleading without confusion. Additionally, Rule 12(e) specifically requires that a motion must point out the specific defects in the complaint and the details desired. Defendants have failed to do so. Therefore, Defendants' motion to dismiss based on Rule 12(e) is denied.

Finally, Defendants argue that the complaint violates Rule 12(f), which prohibits redundant, immaterial, impertinent, or scandalous matter. Fed.R.Civ.P. 12(f). As previously determined, the complaint is concise, direct, and specific. Thus, the complaint does not violate Rule 12(f) and Defendants' motion pursuant to Rule 12(f) is denied.

The remainder of Defendants' motion should be classified under a motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), which the Court has denied.

Accordingly, the Court **DENIES** Defendants' motion to strike or to dismiss or for a more definite statement. Furthermore, the Court orders Defendants to file an answer to the complaint within twenty days of this Order.

**IT IS SO ORDERED** this 18th day of August, 2005.

BERNICE BOUIE DONALD
UNITED STATES DISTRICT COURT

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 22 in case 2:04-CV-02630 was distributed by fax, mail, or direct printing on August 24, 2005 to the parties listed.

---

Michael L. Weinman
WEINMAN & ASSOCIATES
114 S. Liberty St.
Jackson, TN 38302

Roy Wayne Martin
350 Hwy 305 S
Olive Branch, MS 38654

Jeanette Martin
350 Hwy 305 S
Olive Branch, MS 38654

Barry Crutchfield
Templeman and Crutchfield
113 E. Washington
Lovington, NM 88260

Honorable Bernice Donald
US DISTRICT COURT